FILED IN CHAMBERS
U.S.D.C. Rome

AUG 1 4 2006

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VIRGIL BROWN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0592-RLV |
| v. | : | |
| | : | BIVENS ACTION |
| UNITED STATES, et al., | : | 28 U.S.C. § 1331 |
| Defendants. | : | |

## ORDER

This matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening. Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

AO 72A
(Rev.8/82)

The Plaintiff has submitted the instant pro se civil action pursuant to 28 U.S.C. § 1331.  In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of an individual's constitutional rights by a federal official gives rise to a damages action in federal court, brought pursuant to 28 U.S.C. § 1331.  "Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, we "generally apply § 1983 law to Bivens cases.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

To sustain his cause of action under 42 U.S.C. § 1983, the Plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law.  Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

## The Plaintiff's Claims

According to the records of the Clerk, the Plaintiff is currently awaiting a August 28, 2006, trial in this Court for various counterfeiting and drug charges.  See

2

United States v. Brown, Criminal Action No. 1:04-CR-00302-WBH.  He remains in custody pending his trial because he has been convicted of felony violations, including counterfeiting violations, on at least seven prior occasions.  Id. (Doc. 12).

The Plaintiff brings this action naming the United States and twelve Secret Service Agents ("SSA's") as defendants.  In his complaint, which he has twice amended, the Plaintiff claims that, apparently during the investigation of the pending charges against him, various SSA's seized his infant son and refused to return the child unless the Plaintiff provided "information on counterfeit operation and consent to search home."  The Plaintiff further complains that the SSA's would not turn his son over to the Plaintiff's mother or aunt, they did not feed his son or change his son's diaper for five and one half hours, and they drove his son around in a van without properly securing the child in an infant seat.  When the Plaintiff's wife (and legal guardian of the child) arrived, the SSA's would not release the child to her until she consented to a search of her home.  When members of the Plaintiff's family did ultimately obtain physical custody of the child, the Plaintiff asserts that the child's diapers were overflowing, and that the child was dehydrated and exhausted.  Plaintiff complains that, because consent to the search was obtained through duress, the search violated his due process rights.

3

The Plaintiff next claims that the SSA's assaulted him and his child when they "pointed guns at or in the parameter of child and" the Plaintiff. According to the Plaintiff, when the SSA's arrested him and his criminal codefendant, the agents drew their weapons and pointed them at the criminal codefendant who was within ten feet of the Plaintiff and the Plaintiff's child.

The Plaintiff further asserts that the arrest occurred in a crowded shopping mall, endangering the general public. The Plaintiff claims that the SSA's arrested him falsely and without probable cause and questioned the Plaintiff for two hours without reading him his <u>Miranda</u> warnings. The SSA's also purportedly planted evidence on him and failed to arrest the actual perpetrator of the crimes.

The Plaintiff also claims that the SSA's "[d]id unlawfully without the approval of Counsel or United States Marshal's Service ("USMS") visited Atlanta pretrial on August 24, 2004 and threaten to tie down [the Plaintiff] with restraints in order to take photo of." According to the Plaintiff, an SSA arrived at the jail where he was being held and told the Plaintiff that he did not have the right to consult with an attorney prior to submitting to a photograph and that she could have him tied down in order to photograph him. The agent later left the jail without photographing the Plaintiff.

4

The Plaintiff next claims that the SSA's violated his "right to remain silent" and his "right to an attorney" when they continued questioning him after he had demanded an attorney, telling the Plaintiff at one point, "You don't need a fucking attorney, you need to cooperate."

Finally, the Plaintiff claims that his arrest and current prosecution were the result of false statements by the SSA's and the planting of evidence.

## Discussion

At the outset, this Court notes that the Plaintiff may not pursue claims regarding damages purportedly suffered by his son.  Although plaintiffs have a right to proceed pro se in civil actions pursuant to 28 U.S.C. § 1654, a pro se plaintiff may not seek to represent the interests of third-parties.  See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (same).  In particular, the Eleventh Circuit has held that a minor's nonlawyer parent may not serve as the minor's legal counsel in district court proceedings.  Devine v. Indian River County School Bd., 121 F.3d 576, 581 (11th Cir. 1997).  As the Plaintiff did not execute the complaint in his

5

capacity as licensed attorney representing his son and because the Plaintiff does not appear to be an attorney, he is not authorized to practice law by representing the interests of his son.

Excluding claims related to damages that may have been suffered by the Plaintiff's son, the remainder of the complaint essentially raises the following claims: (1) that the SSA's violated the Plaintiff's constitutional rights by wrongfully coercing the Plaintiff by threatening to turn his son over to the state Department of Family and Children Services unless the Plaintiff granted permission to search his home , (2) the SSA's violated the Plaintiff's rights by failing, upon his arrest, to advise him of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and by continuing their questioning of him after he had requested counsel, (3) that the SSA's pointed guns at the Plaintiff and threatened to tie him down in order to photograph him, and (4) the SSA's engaged in various acts of malfeasance to make it appear that the Plaintiff had committed the crimes for which he is awaiting trial.

The failure of arresting officers to inform an arrestee of his <u>Miranda</u> rights does not violate the arrestee's constitutional rights and "cannot be grounds for a § 1983 action."    <u>Chavez v. Martinez</u>, 538 U.S. 760, 772 (2003) (plurality opinion).

6

Accordingly, the Plaintiff's assertion that the SSA's did not inform him of his <u>Miranda</u> rights does not state a claim for relief under § 1331.

With respect to the Plaintiff's claims that SSA's threatened to tie him down and pointed guns at him, "[t]he Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir. 1991). Likewise, verbal threats alone do not rise to a violation of the Eighth Amendment. "'Mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations.'" <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983) (quoting <u>Coyle v. Hughes</u>, 436 F. Supp. 591, 593 (W.D. Okla. 1977)); <u>see also</u> <u>Hopson v. Frederickson</u>, 961 F.2d 1374, 1378 (8th Cir. 1992); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985). This Court thus finds that the Plaintiff's claim that the SSA's threatened him fails to state a claim for relief.

As to his claims that the SSA's planted evidence and falsely testified in order to demonstrate probable cause to arrest him, this Court finds that the claims are premature. To the extent that the Plaintiff seeks damages pursuant to 28 U.S.C. § 1331 for an alleged unconstitutional arrest or imprisonment, the Supreme Court has

held that a plaintiff pursuing such a claim must first prevail in his criminal trial or demonstrate that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241 before he can recover for an alleged unconstitutional conviction or imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). The instant complaint fails to show that the Plaintiff's current incarceration has been so reversed or invalidated. Thus, this claim is subject to dismissal as a § 1983 or § 1331 action.

Finally, regarding the Plaintiff's claim that SSA's coerced the Plaintiff to grant permission to search his house by threatening to turn his infant son over to the state's Department of Family and Children's Services unless he allowed the search, this Court finds that the Plaintiff has stated a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's civil rights action is **ALLOWED TO PROCEED** as any other civil action, but only with regard to his claim that the SSA's coerced him to consent to a search of his home by holding his infant son hostage. The Plaintiff's claims brought on behalf of his

8

infant son, his claims regarding the fact that the SSA's failed to advise him of his Miranda rights, and his claims that the SSA's pointed guns at the Plaintiff and threatened to tie him down in order to photograph him are hereby **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A.  The Plaintiff's claims that the SSA's planted evidence and falsely testified in order to demonstrate probable cause to arrest him are **DISMISSED WITHOUT PREJUDICE** as premature under Heck, 512 U.S. at 486-487.

**IT IS ORDERED** that the Clerk is **DIRECTED** to send the Plaintiff an initial disclosure form, and for each of (1) the named Defendants, (2) the United States Attorney for this District, and (3) the Attorney General of the United States,  a USM 285 form and a blank summons.  The Plaintiff is **DIRECTED** to complete the USM 285 forms, summonses, and the initial disclosures form, and to return them within twenty (20) days from the entry date of this Order to the Clerk of Court.  The Plaintiff must complete one USM 285 form and one summons for each of the following: (1) the named Defendants, (2) the United States Attorney for the Northern District of Georgia, and (3) the United States Attorney General.  The Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this action.  The

9

Clerk is **DIRECTED** to resubmit this action to the undersigned if the Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare and transmit to the USMS a service packages for (1) each of the named Defendants, (2) the U.S. Attorney for this District, and (3) the Attorney general.[1]  Each service package must include the appropriate USM 285 form and summons, and a copy of the complaint, as amended.  Upon receipt of the service packages, the USMS is **DIRECTED** to serve the Defendants in accordance with the requirements of Rule 4(i)(2)(B) of the Federal Rules of Civil Procedure.  The completed USM 285 forms shall be filed with the Clerk of the Court.

The Plaintiff is **DIRECTED** to serve upon the Defendants or their counsel a copy of every additional pleading or other document that he or she files with the Clerk of the Court.  Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to defendants or their counsel.  This court shall disregard any submitted papers which

---

[1] A waiver package is not appropriate in this case because the defendant is a federal governmental entity or the representative of a federal governmental entity. See Fed. R. Civ. P. 4(d)(2) (specifying the types of defendants covered by the service-waiver provisions).

have not been properly filed with the Clerk or which do not include a certificate of service.

The Plaintiff is also **REQUIRED to KEEP** the court and the Defendants advised of his current address at all times during the pendency of this action. The Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Materials, [Doc. 12], is hereby **GRANTED**, and the Clerk is **DIRECTED** to send Plaintiff a copy of the Docket Report from this action.

**IT IS SO ORDERED**, this _14th_ day of _Aug._, 2006.


_Robert L. Vining, Jr._
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

11